Caldwell, J.
The case of the Forest City Stone Company against Musa .A. Richardson, administratrix of the; estate of James Rich- . ardson, deceased, is a proceeding in error to the court of ■ common pleas. The parties are reversed here from what they were in the court of common pleas. Í give the terms -plaintiff and defendant, meaning as they stood in the original * case.
*140 The case was tried to a jury and resulted in a verdict for the plaintiff, after which a motion for a new trial was filed,, overruled and proper exceptions taken, and a bill of exceptions is filed here with the petition in error, containing all the-evidence in the case.
The suit was brought by the administratrix, charging that by wrongful acts of the defendant, which is a corporation, the-plaintiff’s intestate was killed.
The petition sets out that the negligence of the defendant,, which caused the accident resulting in the death of the plaintiff’s intestate consisted in this, that the intestate was an employee of the defendant; that in the plant of the defendant there was a machine, and one of the devices connected with such machine was a fly wheel which was of iron, and revolved’ rapidly around a shaft. That this wheel was defective in its construction and in its material; that the iron of which it was composed was rotten; that one of the spokes of the wheel was broken; that the rim of the wheel was thin and cracked;, the wheel was never intended in the first place as- a fly wheel, and that it was not properly hung, and that the plaintiff’s intestate being at work in the discharge -of his duty without his fault this wheel burst, and a part of it was thrown against the • intestate and injured him so as to cause his death within a few hours.
The petition says that the defects in the wheel were well known to the defendant. The petition further says that they were 'unknown to the decedent.
The petition does not-say that, by the exercise of ordinary care they would not have been known to the decedent. It does not say that by the exercise of ordinary care they could' or would have been known by the defendant, but it does aver • that the defendant knew of such defects.
No objection was taken to this petition until the evidence-on the part of the plaintiff had all been offered, and, as appears on page 64 of the record, the evidence on the part of the plaintiff having been completed, a motion was made to-direct a verdict in favor of the defendant on the following; grounds:
*141 First. The insufficiency of the petition for want of any averment that the decedent had not the means of knowing, the defects complained of.
Second. On the insufficiency of the proof; because there • is no evidence that decedent was without knowledge or had' no means of knowing of the defects complained of.
Third. There is no evidence that decedent was himself exercising ordinary care.
Fourth. . The evidence affirmatively shows that the decedent knew or had the means of knowing the defects complained of, and that he therefore waived or assumed the risk óf the defects complained of.
Fifth. The evidence shows that the decedent was not exercising ordinary care.
This motion was overruled. When all the evidence in the-case was completed this motion was renewed and again overruled.
AVhatever may be said as to the necessity of the avermentthat the decedent had not the means of knowledge, or by the exercise of ordinary care could or would not have known of the defects in the machinery, we think it came too late in this case.
The defendant went to trial without making any complaint that the petition did not aver that the decedent was without the means of knowing, and by the exercise of ordinary care-could or would not have known of the defects in this machine, and unless the court should have taken the case from the jury because of the failure of the evidence to show that the decedent was without knowledge or had no means of knowledge of the defects complained of, then the court com- - mitted no error in overruling this motion.
The decedent was a carpenter, had been employed by the-defendant for about a year in and about its plant.
His services did not require him, so far as appears, to be especially about this part of the machinery, except that for-about a week before the accident he was engaged in replacing some of the devices connected with this part of the plant, and in the doing of that work the shaft on which the fly wheel-i *142 •■.complained of was hung, with several other wheels, one a . cog wheel, was removed and then replaced. The wheels were not separated from the shaft at all.
It is admitted that the decedent was killed by the bursting .of this fly wheel; it is conceded that one of the spokes was broken entirely in two, and that this was known to the de- . fendant; if this is not conceded, it is clearly shown that it was known; indeed it was said, on the part of the defendant, it • was so plain the decedent must have known it.
The jury have answered the question in a special finding, . that the decedent did not know that the spoke was broken. But it is doubtful from the evidence whether they would have been justified in saying that by the exercise of ordinary care he would not have known that that spoke was broken; pos- - sibly they would. I am not prepared to sav what we would find if they had answered in the negative a question put to them as to whether the decedent had such means of lcnowl- . edge as that by the exercise of ordinary care, he would have , known, of this broken spoke; but that question was not put . to them.
But it is charged in the petition that there was another defect in this wheel. There are several charged, but there is • .one relied on, and that is, there was a crack in the rim of the wheel. The part of the wheel which flew off and struck the decedent contained a part of the broken spoke which connected with the rim — the rim parted at a place where the plaintiff claims to have shown there was a serious defect in the rim. But it is urged that the decedent had equal means with the defendant of knowing of this defect. If the jury followed the instructions of the court, and they found that the . accident resulted from this defect in the rim, they could not . have found the verdict they did, without finding that the decedent did not have equal means of knowing this defect in the rim; because the court instructed the jury that if the accident was the result of tliis defect in the rim, and if the decedent had equal means of knowing of that which the defendant had, then the plaintiff could not recover. Not only that, but the court went further and said, if he had such means of *143 knowledge as b3>- the exercise of ordinary care he would have known of that defect in the rim, and if this accident occurred because of that defect, then the plaintiff could not recover. We must find, if we reverse on the facts, that the jury failed ±o follow the directions of the court.
There was evidence tending to show that this defect in the rim must have existed for a considerable time. Attention has already been called to the fact that the decedent had no occasion to specifically know about this wheel, except in the removing of the shaft on which the wheel was, and on which •other wheels were. We are not prepared to say that the jury should have said from these facts, that exercising ordinary care he would have known of this defect in the rim, and we are not prepared to say that the defendant would not have known by the exercise of ordinary cai-e that this defect existed. But it is said that the petition does not say that the defendant would have known by he exercise of ordinary care, but simply that the defendant did know. The evidence establishes that the defendant was negligent, because in the exercise of ordinary care it would have known of this defect. We would not feel justified in reversing the case on the ground the petition did not so charge; for' myself,it seems to me sufficient to say it knew. And proving that if it had exercised ordinary care it would have known, just what the logic would be of saying first that the defendant knew and then adding the defendant would have known by the exercise of ordinary care I do not know. If it knew that is enough. But in anv event if the evidence showed that bj the exercise of ordinary care the defendant would have known, then we would not feel justified in reversing it on that ground.
It is said that the evidence shows affirmatively that the decedent was negligent;' that he stood' near to this wheel when it burst and in the line of its revolution, so that he was in the same plane, perpendicular plane, as the wheel, and that he was so near it was negligence, if he knew or had the means of knowing of the defects in the wheel. And it is said *144 he certainly had the means of knowing of the defects in the spoke, and therefore he was negligent.
Frederick A. Henry and Mr. E. G. Johnson, for Plairriff ins Error.
A. R. Webber and G. A Metcalf, for Defendant in Error.
The evidence is, that after the shaft had been put back in its proper place, the wheel was started, -carefully started, something about it did not go right; it was stopped, the decedent and somebody else adjusted it, did whatever was necessary to adjust it so they thought it would go right, and within half a minute after it was again started it burst and killed this man.
We do not think that shows necessarily on his part negligent conduct, such as a prudent man would not have exercised ; his superior was standing right by him.
■ Without going further into the case the judgment of the-court of common pleas is affirmed.